IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MGI MARINE, L.L.C.<br>Plaintiff,<br><br>VS.<br><br>M/T STOLT AQUAMARINE, her<br>engines, tackle, apparel, etc., *in rem*, and<br>STOLT AQUAMARINE BV, *in*<br>*personam*, and M/V WEHR ELBE,<br>her engines, tackle, apparel, etc., *in rem*,<br>and MS "WEHR ELBE" Schiffahrtsges<br>MBH & Co. KG, *in personam*,<br>Defendants. | § § § § § § § § § § § § § § § | C.A. No. 4:11-cv-_____<br><br>[Admiralty – Rule 9(h)] |

## PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, MGI MARINE L.L.C. (hereinafter referred to as "MGI"), against the M/T STOLT AQUAMARINE, her engines, tackle, apparel, etc., *in rem*, and her owner STOLT AQUAMARINE BV, *in personam*, and against the M/V WEHR ELBE, her engines, tackle, apparel etc., *in rem*, and her owner MS "WEHR ELBE" Schiffahrtsges MBH & Co. KG, *in personam*, and alleges as follows:

### I.

### JURISDICTION AND VENUE

1. This is a civil action within the admiralty and maritime jurisdiction conferred in Article III, Section 2, of the United States Constitution, pursuant to 28 U.S.C. § 1333, and Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Certain Admiralty & Maritime Claims. The Defendant Vessels and/or the substitute *res* are now or during the pendency of process hereunder will be within the jurisdiction of this Honorable Court.

## II.

## PARTIES

2. Plaintiff is a corporation organized under the laws of the State of Texas, with its headquarters and principal place of business in Texas. At all relevant times MGI was the registered owner and operator of the Barge MGI-2720.

3. Defendant Vessel, M/T STOLT AQUAMARINE, is an ocean-going tanker of 38,729 Gross Tons, bearing the MMSI Number 319449000. The M/T STOLT AQUAMARINE is a vessel of foreign registry, documented and registered under the flag of the Cayman Islands and classed by Det Norske Veritas. With respect to the M/T STOLT AQUAMARINE, this is a Complaint *in rem*.

4. Defendant Vessel, M/V WEHR ELBE, is an ocean-going tanker of 25,703 Gross Tons, bearing the MMSI Number 538090081. The M/V WEHR ELBE is a vessel of foreign registry, documented and registered under the flag of the Marshall Islands and classed by Det Norske Veritas. With respect to the M/V WEHR ELBE, this is a Complaint *in rem*.

5. Defendant Stolt Aquamarine BV is a business entity duly organized and existing under and by virtue of the laws of The Netherlands. Upon information and belief, Stolt Aquamarine BV, is a foreign entity not authorized to do business in Texas but, at all material times, did business in Texas by arriving in Texas with the intention of carrying cargo to and from this state aboard the M/T STOLT AQUAMARINE and/or other vessels, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accord with Section 17.042 of the Texas Civil Practice & Remedies Code. At all relevant times hereinafter mentioned and material hereto, Defendant Stolt Aquamarine BV was the registered owner of the M/T STOLT AQUAMARINE and is a foreign corporation or business

entity located outside the jurisdiction of this Honorable Court. Furthermore, Stolt Aquamarine BV is a non-resident and has not designated or maintained a resident agent in Texas. Alternatively, although Stolt Aquamarine BV may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, MGI's claims arise under federal law and Stolt Aquamarine BV has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Stolt Aquamarine BV is consistent with the Constitution and other laws of the United States and Texas. Accordingly, serving Stolt Aquamarine BV with a summons is effective to establish personal jurisdiction over it. Stolt Aquamarine BV can be served by serving the Texas Secretary of State pursuant to Fed. R. Civ. P. 4(h)(1), 4(e)(1) and 4(k)(2).

6. Defendant MS "WEHR ELBE" Schiffahrtsges MBH & Co. KG is a business entity duly organized and existing under and by virtue of the laws of Germany. Upon information and belief, MS "WEHR ELBE" Schiffahrtsges MBH & Co. KG, is a foreign entity not authorized to do business in Texas but, at all material times, did business in Texas by arriving in Texas with the intention of carrying cargo to and from this state aboard the M/V WEHR ELBE and/or other vessels, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accord with Section 17.042 of the Texas Civil Practice & Remedies Code. At all relevant times hereinafter mentioned and material hereto, Defendant MS "WEHR ELBE" Schiffahrtsges MBH & Co. KG was the registered owner of the M/V WEHR ELBE and is a foreign corporation or business entity located outside the jurisdiction of this Honorable Court. Furthermore, MS "WEHR ELBE" Schiffahrtsges MBH & Co. KG is a non-resident and has not designated or maintained a resident agent in Texas. Alternatively, although MS "WEHR ELBE" Schiffahrtsges MBH & Co. KG may not be subject

to the jurisdiction of the courts of general jurisdiction of Texas or any other state, MGI's claims arise under federal law and MS "WEHR ELBE" Schiffahrtsges MBH & Co. KG has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over MS "WEHR ELBE" Schiffahrtsges MBH & Co. KG is consistent with the Constitution and other laws of the United States and Texas. Accordingly, serving MS "WEHR ELBE" Schiffahrtsges MBH & Co. KG with a summons is effective to establish personal jurisdiction over it. MS "WEHR ELBE" Schiffahrtsges MBH & Co. KG can be served by serving the Texas Secretary of State pursuant to Fed. R. Civ. P. 4(h)(1), 4(e)(1) and 4(k)(2).

### III.

### PLAINTIFF'S CLAIMS AGAINST THE M/T STOLT AQUAMARINE AND STOLT AQUAMARINE BV

7. Plaintiff alleges that it has a maritime lien against Defendant Vessel the M/T STOLT AQUAMARINE for damages arising from a incident on/about August 28, 2010, when the M/T STOLT AQUAMARINE allided with the MGI-2720 which was tied off to the M/V CAP YORK at the Bayport Container Terminal in Houston, Texas. Specifically, as the M/T STOLT AQUAMARINE was traveling inbound at the Bayport Container Terminal, she veered into and struck the port bow of the MGI 2720 and then slid down the MGI 2720 150 feet.

8. The aforementioned allision incident and the resulting damages were solely and proximately caused by the fault and negligence of Stolt Aquamarine BV, the fault, negligence and unseaworthiness of the M/T STOLT AQUAMARINE, and the failure of Stolt Aquamarine BV, the M/T STOLT AQUAMARINE, and the agents of Stolt Aquamarine BV, in charge of the M/T STOLT AQUAMARINE to exercise reasonable care and observe the standards of good and prudent seamanship in the following respects, among others, which will be shown at trial:

a) The M/T STOLT AQUAMARINE failed to properly navigate and maneuver in accordance with the applicable rules of Navigation, Port Regulations and customs of the port;

b) The M/T STOLT AQUAMARINE was manned by an incompetent and/or inexperienced crew;

c) The M/T STOLT AQUAMARINE failed to take reasonable and timely action to prevent or minimize the allision, by failing to observe the customs of the port requiring one-way traffic by certain vessels, including the M/T STOLT AQUAMARINE, speed control and other collision avoidance maneuvers;

d) The M/T STOLT AQUAMARINE failed to take reasonable and timely action to prevent or minimize the allision; and

e) The M/T STOLT AQUAMARINE failed to conform to and follow the HPA Guidelines, including Part VI, 6.01, which states that there shall be no meeting or overtaking of ships in the Bayport Channel.

9. MGI reserves the right to amend these pleadings to allege other faults on the part of the M/T STOLT AQUAMARINE and Stolt Aquamarine BV, as the facts pertaining to the surging incident become more fully developed.

10. The allision incident and associated damages were not caused, or contributed to, by any fault or neglect on the part of the Plaintiff, but on the contrary, were wholly caused by the fault, neglect, and want of care on the part of the M/T STOLT AQUAMARINE and Stolt Aquamarine BV, and those in charge of Defendant Vessel.

11. MGI reserves the right to amend or supplement these pleadings to allege further damages as they may become known.

### IV.

### PLAINTIFF'S CLAIMS AGAINST THE M/V WEHR ELBE AND MS "WEHR ELBE" SCHIFFAHRTSGES MBH & CO. KG

12. Plaintiff alleges that it has a maritime lien against Defendant Vessel the M/V WEHR ELBE for damages arising from a incident on/about August 28, 2010, when the M/T

STOLT AQUAMARINE allided with the MGI-2720 which was tied off to the M/V CAP YORK at the Bayport Container Terminal in Houston, Texas. Specifically, as the M/V WEHR ELBE was traveling outbound, she embarrassed the navigation of the inbound M/T STOLT AQUAMARINE, causing the M/T STOLT AQUAMARINE to veer into and strike the port bow of the MGI 2720 and then slide down the MGI-2720 150 feet.

13. The aforementioned allision incident and the resulting damages were solely and proximately caused by the fault and negligence of MS "WEHR ELBE" Schiffahrtsges MBH & Co. KG, the fault, negligence and unseaworthiness of the M/V WEHR ELBE, and the failure of MS "WEHR ELBE" Schiffahrtsges MBH & Co. KG, the M/V WEHR ELBE, and the agents of MS "WEHR ELBE" Schiffahrtsges MBH & Co. KG, in charge of the M/V WEHR ELBE to exercise reasonable care and observe the standards of good and prudent seamanship in the following respects, among others, which will be shown at trial:

a) The M/V WEHR ELBE failed to properly navigate and maneuver in accordance with the applicable rules of Navigation, Port Regulations and customs of the port;

b) The M/V WEHR ELBE was manned by an incompetent and/or inexperienced crew;

c) The M/V WEHR ELBE failed to take reasonable and timely action to prevent or minimize the allision, by failing to observe the customs of the port requiring one-way traffic by certain vessels, including the M/V WEHR ELBE, speed control and other collision avoidance maneuvers;

d) The M/V WEHR ELBE failed to take reasonable and timely action to prevent or minimize the allision; and

e) The M/V WEHR ELBE failed to conform to and follow the HPA Guidelines, including Part VI, 6.01, which states that there shall be no meeting or overtaking of ships in the Bayport Channel.

14. MGI reserves the right to amend these pleadings to allege other faults on the part of the M/V WEHR ELBE and MS "WEHR ELBE" Schiffahrtsges MBH & Co. KG, as the facts pertaining to the surging incident become more fully developed.

15. The allision incident and associated damages were not caused, or contributed to, by any fault or neglect on the part of the Plaintiff, but on the contrary, were wholly caused by the fault, neglect, and want of care on the part of the M/V WEHR ELBE and MS "WEHR ELBE" Schiffahrtsges MBH & Co. KG, and those in charge of Defendant Vessel.

16. MGI reserves the right to amend or supplement these pleadings to allege further damages as they may become known.

## V.

## PRESUMPTIONS

17. The Plaintiff invokes the presumptions of fault based upon the rules articulated in *The OREGON*, 158 U.S. 186, 15 S. Ct. 804, 39 L. Ed. 1943 (1985) and *The LOUISIANA*, 70 U.S. 164, 3 Wall. (70 U.S.) 164 18 L. Ed. 85 (1865). The rule of *The OREGON* creates a presumption of fault that shifts the burden of production and persuasion to a moving vessel who, under her own power, allides with a stationary object. On August 28, 2010, at the time of the allision, the M/T STOLT AQUAMARINE and the M/V WEHR ELBE were moving vessels; the MGI-2720 was stationary. Accordingly, a presumption of negligence on the part of the M/T STOLT AQUAMARINE and the M/V WEHR ELBE and their owners exist, which shifts the burden of production and persuasion on the issue of fault to the M/T STOLT AQUAMARINE, *in rem*, the M/V WEHR ELBE, *in rem*, and their owners, *in personam*.

## VI.

## DAMAGES

18. The allision caused damage to the MGI-2720's hull, as well as damage to the MGI-2720's engines, lines, piping and other appurtenances. This allision further caused or will cause economic losses to MGI which include, but are not limited to, loss of use and downtime for repairs. The allision also caused or will cause MGI to suffer additional damages. As of the time of filing this Complaint, the physical and economic damages incurred by the MGI-2720 are estimated to be approximately nine hundred forty-four thousand six hundred sixty-four and 90/100 dollars ($944,664.90).

## VII.

## JOINT AND SEVERAL LIABILITY

19. The M/T STOLT AQUAMARINE, *in rem*, the M/V WEHR ELBE, *in rem*, Stolt Aquamarine BV and MS "WEHR ELBE" Schiffahrtsges MBH & Co. KG are jointly and severally liable for Plaintiff's damages.

## VIII.

## PRAYER

20. WHEREFORE, Plaintiff MGI Marine L.L.P. prays:

   a) That process in due form of law may issue against the M/T STOLT AQUAMARINE, her engines, tackle, apparel, etc., *in rem*, pursuant to Rule C of the Supplemental Rules of Certain Admiralty & Maritime Claims and the rules and practices of this Honorable Court;

   b) That all persons claiming any right, title or interest in said vessel may be cited to appear and to answer, upon oath, all and singular, the matters aforesaid;

   c) That a judgment may be entered in favor of MGI against Stolt Aquamarine BV, the M/T STOLT AQUAMARINE, *in rem*, and her owner Stolt Aquamarine BV, *in personam*, for the damages claimed herein, plus pre-judgment interest, post-judgment interests, and costs, and that the M/T

STOLT AQUAMARINE may be condemned and sold, free and clear of all liens and encumbrances to satisfy the judgment against the M/T STOLT AQUAMARINE and Stolt Aquamarine BV, and that this Court award MGI out of the proceeds of said sale, the full amount of its damages, together with interest, court costs and attorney's fees;

d) That Plaintiff may have such other and further relief as the Court and justice may deem just and appropriate under the circumstance of the cause.

e) That process in due form of law may issue against the M/V WEHR ELBE, her engines, tackle, apparel, etc., *in rem*, pursuant to Rule C of the Supplemental Rules of Certain Admiralty & Maritime Claims and the rules and practices of this Honorable Court;

f) That all persons claiming any right, title, or interest in said vessel may be cited to appear and to answer, upon oath, all and singular, the matters aforesaid;

g) That a judgment may be entered in favor of MGI against MS "WEHR ELBE" Schiffahrtsges MBH & Co. KG, the M/V WEHR ELBE, *in rem*, and her owner MS "WEHR ELBE" Schiffahrtsges MBH & Co. KG, *in personam*, for the damages claimed herein, plus pre-judgment interest, post-judgment interests, and costs, and that the M/V WEHR ELBE may be condemned and sold, free and clear of all liens and encumbrances to satisfy the judgment against the M/V WEHR ELBE and MS "WEHR ELBE" Schiffahrtsges MBH & Co. KG, and that this Court award MGI out of the proceeds of said sale, the full amount of its damages, together with interest, court costs and attorney's fees;

h) That Plaintiff may have such other and further relief as the Court and justice may deem just and appropriate under the circumstance of the cause.

Respectfully submitted,

/s/ John M. Elsley
John M. Elsley
State Bar No.: 06591950
Richard A. Branca
State Bar No.: 24067177
Pennzoil Place
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945

**ATTORNEYS FOR PLAINTIFF,<br>MGI MARINE, L.L.C.**

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

**VERIFICATION**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority personally appeared John M. Elsley who, after being duly sworn upon his oath, deposes and says:

1. I am a Partner in the firm of Royston, Rayzor, Vickery & Williams, L.L.P. and am attorney-of-record in this action for Plaintiff;

2. I have read the foregoing Original Verified Complaint and state that the contents thereof are true and correct to the best of my knowledge, information and belief; and

3. The source of my information and the grounds for my belief are documents and information provided to me by the Plaintiff.

_____
John M. Elsley

SUBSCRIBED AND SWORN TO BEFORE ME on this 8th day of June, 2011.

_____
Notary Public in and for
The State of TEXAS

KATHLEEN LYKINS
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 09/17/2014

57003:7117199

10